IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **LUIS S LAGAITE, JR.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-CV-326-JDK-JDL |
| **MICHAEL UNIT MEDICAL DEPARTMENT, ET AL.,** | § § § § | |
| Defendants. | § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Luis Lagaite, Jr., an inmate proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On December 2, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 36), recommending that the lawsuit be dismissed for purposes of *in forma pauperis* proceedings pursuant to the three-strikes bar of 28 U.S.C. §1915(g). *Id.* a 3–5. Plaintiff filed objections on December 20, 2019. Docket No. 39.

In his complaint, Plaintiff alleges that Defendants violated his constitutional rights by denying him adequate medical treatment while imprisoned. Docket No. 5 at 4. Because Plaintiff has filed at least three prior lawsuits that were dismissed as frivolous or for failure to state a claim, the Magistrate Judge found that Plaintiff could proceed *in forma pauperis* in this action only if he showed that he was "under imminent danger of serious physical injury." Docket No. 17 at 1 (quoting 28 U.S.C. § 1915(g)). The Magistrate Judge then requested and reviewed Plaintiff's medical records, grievance records, and classification records, and concluded that Plaintiff was not in imminent danger of serious physical injury at the time he filed the lawsuit or thereafter. Docket

No. 36 at 5. Rather, the Magistrate Judge found many instances in which Plaintiff was seen by doctors and nursing staff regarding his medical concerns. *Id.* The Magistrate Judge stated:

> While it is true that [Plaintiff] missed some medical appointments because of a lack of escort by security staff, the records show that he was consistently seen by medical staff and treated for his ailments. The missed appointments were rescheduled and he was regularly seen by medical personnel at the unit and at the hospital in Galveston.

*Id.* The Magistrate Judge recommended that Plaintiff's lawsuit be dismissed.

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, asserting that he was in imminent danger of serious physical injury because on August 14, 2019, "he was refused medical [treatment] for 4 hours and could not urinate for 10 hours because of [an] enlarged prostate, where he had to be rushed to the emergency Palestine Regional Medical Center, and go under surgery and have a Foley catheter implanted." Docket No. 39 at 4. Plaintiff also claims that the imminent danger of serious physical injury continued on November 14, 2019, when "he was rushed to the Palestine Regional Medical Center for an infected bladder and bleeding [that had been occurring for] 90 days, where he had to go under emergency surgery and [was] placed in [the] intensive care unit for the loss of 2 pints of blood." *Id.* Plaintiff states that these emergencies occurred because of "ongoing . . . 90 day[] interval[s] of . . . continuous denial of serious medical . . . treatment." *Id.*

While the Court is sympathetic to Plaintiff's serious medical issues, Plaintiff's objections fail because he has not shown that he was in imminent danger of serious physical injury. As the Magistrate Judge found and Plaintiff's own objections confirm, Plaintiff was repeatedly seen by nurses and doctors and treated for his medical issues. Docket No. 29, Ex. 24 at 5–6; *see also id.*, Ex. 22 at 214, Ex. 23 at 41–45, Ex. 24 at 5.

Having made a *de novo* review of the objections raised by Plaintiff to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Plaintiff "has not shown that he actually sustained any serious harm as a result of the actions of any prison official or was under imminent danger of serious physical injury at the time the suit was filed." *McClure v. Collier*, No. 1:17-CV-149-BL, 2017 WL 11487292, at *3 (N.D. Tex. Nov. 15, 2017); *see Redmond v. Univ. of Tex. Med. Branch Hosp. Galveston*, No. 2:13-CV-268, 2014 WL 1775618, at *10 (S.D. Tex. May 2, 2014). The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Docket No. 36) be **ADOPTED**. It is further

**ORDERED** that the Plaintiff's application for leave to proceed *in forma pauperis* is **DENIED** and the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory filing fee. Should the Plaintiff pay the full filing fee of $400.00 within fifteen days after the date of entry of final judgment, he shall be allowed to proceed in the lawsuit as though the full fee had been paid from the outset. All motions not previously ruled upon are **DENIED**.

So **ORDERED** and **SIGNED** this **23rd** day of **January, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE